UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY L. JACKSON, JR.<br>   Plaintiff, | )<br>)<br>) |
| vs. | )    No. 19-2016<br>) |
| CAPTAIN OSTERBUR, et. al.,<br>   Defendants | )<br>) |

MERIT REVIEW ORDER

COLIN S. BRUCE, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The pro se Plaintiff's original complaint was not on a standard complaint form and did not identify any Defendants. [1]. Therefore, Plaintiff was provided with a blank complaint form to assist him in more clearly identifying both his claims and Defendants. *See* January 24, 2019 Text Order. Plaintiff responded with an amended complaint. [3].

The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff has now listed "unknown" Defendants from the Vermilion County Jail including a captain, a nurse, a sergeant, and unknown others. (Amd. Comp., p. 1-2).

However, in the body of Plaintiff's complaint, he has also identified Defendant Captain Osterbur. (Amd. Comp., p. 5).

Plaintiff says on January 3, 2019, he was moved to solitary confinement even though he informed Defendants Osterbur, a nurse, and an unknown individual that he was "having a mental health issue." (Amd. Comp, p. 5). Plaintiff then asked Defendant Osterbur for mental health care, but the officer refused his request. Plaintiff does not explain why he needed mental health care. The Court notes in Plaintiff's initial complaint, Plaintiff claimed he was transferred due to an untrue disciplinary charge. (Comp., p. 2). Plaintiff appeared to argue jail officials could never place him in solitary confinement due to his unspecified mental health issues. (Comp., p. 1-2).

On January 7, 2019, Plaintiff was still in solitary confinement when he became suicidal. An unidentified sergeant moved plaintiff to what appears to be a suicide watch cell based on Plaintiff's description. (Amd. Comp., p. 5). However, Plaintiff says the cell was covered in urine and feces, he was provided no clothing or blankets, and the lights were left on continuously. In addition, Plaintiff says he still received no mental health care. Plaintiff says officers did not perform the required 15-minute checks and instead Plaintiff only saw an officer when food was provided. Plaintiff says as of the filing of his amended complaint on January 28, 2019, he still had not received any mental health care and he was concerned for his safety.

Plaintiff then provides a list of 21 violations apparently in support of his claim such as "correctional understaffing," "inadequate intake process," "inadequate treatment planning," etc. (Comp., p. 7). Simply providing a list without any factual

support is insufficient to articulate a claim, nor provide support for Plaintiff's claim of deliberate indifference to a serious mental health issue.

In addition, there are several other problems with Plaintiff's complaint. While a pro se Plaintiff can identify a John Doe or unknown Defendant if he is unsure of the individual's name, the Plaintiff must provide at least some identifying information to assist in determining the person's identity. Otherwise, the Defendant will not be served. For instance, Plaintiff says he told Defendant Oseterbur, a nurse, and an unknown Defendant he needed mental health care on January 3, 2019. Plaintiff has clearly identified Defendant Osterbur, and it is likely there were a limited number of nurses working in the jail on this day. However, Plaintiff provides no information about the third individual except to say he is "unknown." (Comp, p. 5). Plaintiff does not say when or where or how he told this individual, what job the individual held, nor any other identifying information.

Plaintiff has also failed to explain how the Defendant knew he needed immediate mental health care beyond Plaintiff stating he wanted to see a mental health staff member instead of going to solitary confinement. Plaintiff claims all the staff knew of his mental health issues, but he has failed to explain this statement or his mental health condition.

Plaintiff next alleges an unknown sergeant took him to a suicide watch cell on January 7, 2019. Plaintiff says there were several problems with the living conditions in the cell, but it is not clear if the unknown sergeant was aware of the problems listed. Plaintiff does not identify any other individual who knew about living conditions.

Plaintiff also claims he was still denied mental health care, but he has not identified any Defendant who specifically knew Plaintiff was still not receiving care. Plaintiff also does not specifically mention any other "unknown" Defendants in his complaint, nor does he explain how they are responsible for his claims.

Furthermore, based on Plaintiff's pleading, it is possible Plaintiff is attempting to combine unrelated claims against different defendants in one lawsuit. *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2). For instance, Plaintiff requested mental health care for an unspecified problem on January 3, 2019, and he was denied care. Four days later, Plaintiff apparently reported he was suicidal, and an unknown individual decided to move Plaintiff to a suicide watch cell. Plaintiff says he was still denied mental health care, but it is unclear if the two incidents are related or involve the same individuals.

Given the confusion over Plaintiff's claims, the Court will dismiss Plaintiff's amended complaint as a violation of Federal Rules 8, 18, and 20. However, the Court will allow Plaintiff a final opportunity to clarify his claims and will provide additional instructions to assist him.

Plaintiff should use the complaint from provided. Plaintiff's second amended complaint must include each intended claim and Defendant, and must not refer to any previous complaint.

For each allegation, Plaintiff must state what happened, who was involved, when it happened, and where it occurred. If Plaintiff suffered from a mental health

issue, he must explain his condition and how the named Defendant specifically knew about his mental health condition and his need for immediate care. Plaintiff must provide this information for his January 4, 2019 claim and for his time spent in a suicide watch cell. If Plaintiff's living conditions were unconstitutional, Plaintiff must not only explain what was wrong with the cell, but who knew about those conditions, but took no action.

Finally, Plaintiff must provide either a name or some identifying information for every Defendant. For instance, if Plaintiff does not know the individual's name, he should provide their job title, when he saw them, where he saw them, and a physical description if possible.

The Court also notes Plaintiff has checked boxes on his complaint form to indicate he has exhausted all available administrative remedies. (Amd. Comp., p. 4). Plaintiff filed his initial complaint 20 days after he first requested mental health care, and a little more than two weeks after he was moved to a suicide watch cell. Typically jail grievance procedures require a grievance to be filed within days of the incident, but it is somewhat doubtful Plaintiff had time to receive a response, appeal that response, and receive a response to his appeal *before* filing his first complaint. Nonetheless, exhaustion of administrative remedies is an affirmative defense that is better addressed after Plaintiff has clarified his claims and the Defendants have been served. If Plaintiff believes he did not complete the grievance process before filing this lawsuit, he may file a motion to dismiss within 14 days and the Court will waive any unpaid portion of the filing fee.

Plaintiff has also filed a motion for appointment of counsel. [6] Plaintiff has no constitutional right to the appointment of counsel and the Court cannot require an attorney to accept pro bono appointment in a civil case.  The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

Plaintiff has not demonstrated he has made any attempt to find counsel on his own such as a list of attorneys contacted, or copies of letters sent of received.  Therefore, his motion is denied with leave to renew after Plaintiff clarifies his claims and Defendants. [6].

IT IS THEREFORE ORDERED:

1) Plaintiff's amended complaint is dismissed as a violation of Rule 8, 18, and 20 of the Federal Rules of Civil Procedure.

2) Plaintiff may file a second amended complaint within 21 days or this order or on or before May 6, 2019 clarifying his claims and Defendants.  If Plaintiff fails to file his second amended complaint on or before May 6,2019, or fails to follow the Court's specific instructions, his case will be dismissed without prejudice.

3) Plaintiff's motion for appointment of counsel is denied with leave to renew. [6]

4) Plaintiff's motion to notify the Court that he will be requesting punitive damages is also denied as moot. [9]. Plaintiff must clarify his claims in a second amended complaint.

5) Plaintiff is again reminded he must IMMEDIATELY notify the Court in writing of any change in his mailing address or telephone number. [2]. Failure to provide this information will result in the dismissal of this lawsuit.

6) The Clerk of the Court is directed to send Plaintiff a blank complaint form to assist him and to set a revised internal merit review deadline for May 6, 2019.

ENTERED this 15th day of April, 2019.

s/Colin S. Bruce
_____
COLIN S. BRUCE
UNITED STATES DISTRICT JUDGE